IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBY SWILLING o/b/o L.G.M.W.,    )
    )
    Plaintiff,    )
    )
    v.    )    CIVIL ACTION NO. 1:09cv981-CSC
    )    (WO)
MICHAEL J. ASTRUE,    )
Commissioner of Social Security,    )
    )
    Defendant.    )

## MEMORANDUM OPINION

## I. Introduction

This is a child impairment case.  In 2004, Ruby Swilling applied for supplemental security income benefits (SSI) for L.G.M.W., her child.[1]  The initial application was denied, and an ALJ, after holding several hearings, concluded that the child was not disabled.  What happened next is set out in the Commissioner's brief.

> Plaintiff requested that the Appeals Council review the decision (Tr. 323).  Subsequently, Plaintiff filed a second application for benefits and submitted additional evidence.  The Commissioner awarded L.G.M.W. benefits in September 2006 (see Tr. 387).  Then the Appeals Council reviewed the initial ALJ's decision, granting Plaintiff's request for review (Tr. 386-89).  In addition, the Appeals Council reopened the May 2006 decision, consolidated the second application with the original application, and remanded the matter for a new decision from the ALJ (Tr. 387-89).  The ALJ held three more hearings (Tr. 640-70)2 and, on June 18, 2009, issued a decision adopting summary of the evidence from the May 2006 decision and concluding that

---

[1]    Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to her only by her initials, L.G.M.W.

L.G.M.W. was not disabled from the date of her application until the date of the decision (Tr. 20-43). The Appeals Council denied Plaintiff's request for review (Tr. 11-13) and directed that payment of benefits pursuant to the September 2006 decision granting benefits be ceased.  (Tr. 350). Thus, the ALJ's decision is the final administrative decision.

(Def's. Br., doc. # 28 at 1-2) (footnotes omitted).

This convoluted history underscores the difficulties presented by this case.  However, after careful consideration of the briefs of the parties and the record of the administrative proceedings, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Child Disability

An individual under 18 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i) (1999).  The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, she is not disabled.
2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment.  If the claimant's impairment is not severe, she is not disabled.
3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the impairment satisfies this requirement, the claimant is presumed disabled.

2

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v.*

3

*Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).   The court must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

### III.  The Issues

As stated by the plaintiff, there are three issues in this case.

I.     The ALJ committed reversible error in failing to accord any weight to the opinion of L.G.M.W.'s fourth grade teacher, Virginia Nguyen, who opined that L.G.M.W. had "obvious" or "serious"problems with attending and completing tasks, interacting and relating to others and in caring for herself.

II.    The ALJ's stated reasons for rejecting the opinion of Kelly Turner, M.S., LPC, L.G.M.W.'s treating therapist – that "no supporting documentation accompanied [her] letter" is not supported by substantial evidence.

III.   The ALJ's finding that L.G.M.W.'s impairments are not functionally equivalent to a listed impairment is not based on substantial evidence.

(Pl's Br., doc. # 23 at 1)

### IV.  Discussion of the Issues

**A.  Fourth Grade Teacher's Opinion**.  In November 2004, the child's fourth grade teacher completed a questionnaire which posed questions about the six domains.  In three[2] of the six domains, the child's teacher noted serious or obvious problems.  The plaintiff argues that the teacher's assessment "directly conflicts with the ALJ's finding that L.G.M.W.

---

[2]Attending and Completing Tasks, Interacting and Relating With Others and Caring for Herself.

has a 'less than marked' limitation in the domain of attending and completing tasks and caring for herself. (Tr. 39, 42). As such, the ALJ committed reversible error in failing to address this opinion in his decision." (Pl's Br., doc. # 23 at 9)

While it is correct that the ALJ did not specifically discuss the opinions of the child's teacher, the ALJ stated in his opinion that he had considered opinion evidence. (R. at 27) And, even though the teacher found that in the domain of attending and completing tasks the child had an obvious problem in six and a serious problem in two of the 13 areas describing this domain, the plaintiff elides the teacher's comment that with medication the child is "a lot more focused with her school work . . . [and] everything she does." (R. at 112)

With respect to the specific domain of caring for herself, the child's teacher opined that the child had a serious problem only in the area of being "patient when necessary." (R. at 111) In the nine other areas describing this domain, the teacher opined that the child had either no problem or only a "slight" problem. This hardly shows that the child has marked problems in this area.

Even thought the ALJ did not specifically state he considered the teacher's questionnaire, his general comment about opinion evidence is sufficient to show that he did consider all the evidence. Moreover, even if it was error, it is harmless. The opinion of the ALJ shows that he carefully considered the evidence in this case and was extremely familiar with it. A remand is not required.

    **B. The Opinion of Kelly Turner**. Turner is a clinician at Southeast Psychiatric

Services in Dothan, Alabama.  In a letter Turner wrote the following:

> [L.G.M.W.] originally began individual therapy on 5-26-05. She attended regularly until July 2006 when she was placed in the STARS program by her JPO.
>
> Upon her leaving [L.G.M.W.] had gradually decompensated and her behavior became increasingly uncontrollable. The lack of respect for authority, academic performance and emotional stability continued to decline while she was in-patient. [L.G.M.W.] returned to therapy on March 7. 2007 after seven months. The focus of therapy was to assist with behavioral and emotional issues that had progressively become unmanageable (even at times with medication and institutionalization).   [L.G.M.W.'s] overall problems throughout the next two months appeared to be attributed to anger, oppositional deviance, sexual boundaries; poor coping skills and parent-relationship problems coupled with her mood disturbance. [L.G.M.W.] was last seen on April 24,2007.
>
> Should you have any questions please feel free to contact me.

(R. at 540)

The ALJ gave "little weight" to this document because no supporting documentation accompanied it. (R. at 35) The plaintiff contends that the ALJ's conclusion regarding Turner's letter is not supported by substantial evidence because the record contains progress notes of counseling sessions beginning June 2, 2005, and ending November 3, 2005.  (R. at 287-305)  First, as the Commissioner notes, the behavioral problems addressed in the letter relate to 2007, not 2005.  Secondly, the progress notes do not support the opinions expressed in Turner's letter except with respect to the child's difficulty with peer relationships.  For example, in the November 3, 2005, progress report the counselor states that the child has been recommended for a magnet school. (R. at 287).  In the September 20, 2005, progress

6

report the counselor notes that the child's behavior at home and school is significantly improved. (R. at 291) The session summary states "Everything is great." *Id.* The October 11, 2005, progress report notes that while the child has trouble with peers, she continues to do well in school. (R. at 289)

Additionally, the court notes that the majority of these 2005 progress notes assess the child's mental status as normal. On some occasions the child was depressed with blunt affect but this condition was not lasting; subsequent assessments were normal.

In short, the 2005 progress notes do not support the opinions expressed in the Turner letter. The ALJ did not err in giving little weight to those opinions.

**C. Functional Equivalence**. The plaintiff contends that the ALJ's finding that L.G.M.W.'s impairments are not functionally equivalent to a listed impairment is not based on substantial evidence. The ALJ concluded that the child had a marked impairment only in the domain of interacting and relating with others. (R. at 39) The plaintiff argues that substantial evidence supports a finding that the child has extreme limitations in this domain and, therefore, is disabled. In support of this argument, the plaintiff contends that the ALJ erred in giving substantial weight to the opinion of a consultative psychological examiner, Dr. Randal Jordan. Additionally, the plaintiff argues that the records of Dr. Tessema as well as Ms. Turner and Ms. Nguyen, the child's fourth grade teacher, demonstrate that the child has extreme limitations in this domain. (Pl. Br. at 23-24). In relevant part, here is what the ALJ stated:

> Dr. Jordan assessed the claimant with less than marked limitations in Acquiring and Using Information, Attending and Completing Tasks, and Interacting and Relating with Others and with no limitation in the domains of Moving About and Manipulating Objects, Caring For Herself, and Health and Physical Well-Being (Exhibit 35F). Substantial weight is assigned to this assessment; however, based on the claimant's history and legal difficulty, it is clear that she has marked limitation in the domain of Interacting and Relating with Others.

(R. at 36)

The ALJ came to this conclusion after a lengthy and careful analysis of all of the evidence.  There is no question that taken as a whole, the evidence in this case shows a mercurial child whose behavior and moods are subject to wide swings from placid to violent. The ALJ noted this.  "In an overview of the evidentiary record, I find that it is clear the claimant exhibits behavioral problems that at first glance, appear to be uncontrollable, even with medication and counseling." (R. at 33) Following that observation, the ALJ discusses at length the contrasting and conflicting evidentiary picture of this child.

The Commissioner's regulations provide that a child's limitation in a domain is "marked" where it is "more than moderate," but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(I). A marked impairment "seriously" interferes with a child's "ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is a limitation that is "more than marked," and "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(I). In determining whether a child has "marked" or "extreme" limitations in a domain, an ALJ should consider how the child performs in a supportive setting, as well as the effects of

medication or other treatment.  20 C.F.R. § 416.926a(a).

The ALJ's discussion of the evidence evinces his compliance with these regulations. The court will not belabor this discussion further.  The ALJ carefully sifted all of the evidence and concluded that the child did not have an extreme limitation in the domain of interacting and relating with others.  As the court has already noted, it "may not decide the facts anew, reweigh the evidence, or substitute  . . . [its] judgment for that of the [Commissioner]." *Phillips,* 357 F.3d at 1240 n. 8 (11th Cir. 2004).  The ALJ's analysis of the evidence was thorough and exacting.  His conclusion is supported by substantial evidence, and the court is not permitted to disturb it.  The decision of the Commissioner will be affirmed.  The court will enter a final judgment.

Done this 22nd day of July, 2011.


          /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9